UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINA WRAY | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 1:23-CV-681 |
| v. | ) |
| | ) |
| TOWN OF BROWNSBURG | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

## I.   STATEMENT OF THE CASE

1. Plaintiff, Lina Wray (hereinafter "Lina" or "Plaintiff"), brings her Complaint against Defendant, Town of Brownsburg (hereinafter "Brownsburg" or "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.,* the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. Plaintiff contends she was subjected to discrimination based on her national origin (Asian), her age and her disability (hearing impaired). Plaintiff also brings state law claims under Indiana's Civil Rights Law ("ICRL") Indiana Code Sec. 22-9-1-1 through 18, for discrimination based on national origin and age.

## II.   JURISDICTION AND VENUE

2. Lina was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

3. Brownsburg is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

4. Lina satisfied her obligation to exhaust her administrative remedies by having timely filed her U.S. Equal Employment Opportunity Commission Charge Number 470-2022-02742 against Brownsburg alleging discrimination in violation of the Civil Rights Act of 1964, as amended, because of her national origin, Asian, as well as her age, over 60, and violation of the Americans with Disability Act of 1990 due to her disability, hearing impaired. Lina received her Notice of Right to Sue from the EEOC on March 30, 2023, and now timely files her Complaint.

5. Jurisdiction is conferred on this Court by Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e-5, 28 U.S.C. § 1331, and 28 U.S.C. § 1343, the ADEA; 29 U.S.C. § 626 (c)(1), as well as Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as most events, transactions and occurrences concerning this matter have arisen in the geographical purview of the Southern District of Indiana.

### III.   PARTIES

7. Plaintiff is a resident of Hendricks County, Indiana.

8. Plaintiff began working for Defendant in 1997, and was forced to retire on August 23, 2022.

9. Brownsburg has its principal place of business located at 61 N. Green Street, Brownsburg, IN 46112.

### IV.   FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

10. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

11. Lina held several positions with Brownsburg, including: records keeper for the Police Department and Utility Billing Clerk. Most recently, Lina worked as a meter reader for Brownsburg, Indiana.

12. For the majority of her time as a utility clerk, Lina reported directly to Debbie Bernhardt. Ms. Bernhardt was replaced by Ann Hathaway due to reorganization in 2019.

13. On May 19, 2022, Ms. Hathaway reviewed customer calls that Lina had handled on April 13, 20 and 28 of 2022.

14. Ms. Hathaway told Lina that she needed to improve her communication skills or lose her job; however, no complaints had ever been reported.

15. On May 25, 2022, Ms. Hathaway emailed Lina a job announcement for a meter reader for Brownsburg with the indication that she should take it or else further actions would be taken against her.

16. Lina reported her concerns to Shawn Pabst, Director of Capital Projects and Field Operations, and Debbie Cook, Town Manager, and was told nothing could be done because Ms. Hathaway was an elected official

17. In June 2022, Lina applied and accepted the position as meter reader as she was concerned that Ms. Hathaway would fire her otherwise.

18. Ms. Hathaway indicated that the job announcement was shared with Lina as to reduce the amount of public interaction needed due to the communication issues; however, the opposite occurred with the new position.

19. Additionally, Lina suffered a decrease in pay in being forced to change positions out of fear of being fired.

20. Lina had been employed with Brownsburg from 1997 to 2022 in several different office jobs and was forced to retire following her employment as a meter reader as it did not suit her and she was afraid to try to return to her position as a utility clerk due to the interaction with Ms. Hathaway.

## V.  LEGAL ALLEGATIONS

### 1.  Origin-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a)

21. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

22. Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

23. Plaintiff was discriminated against by her employer because of her national origin, Filipina.

24. The discrimination was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment.

25. The discrimination was sufficiently severe or pervasive that it altered the conditions of Plaintiff's employment and created an intimidating, hostile, offensive, and abusive working environment.

26. Defendant failed to take reasonable steps to prevent the discrimination once it knew, or should have known, that the discrimination was occurring.

27. Defendant's failure to take action gave rise to a hostile work environment.

### 2. **Discrimination Based on Age in Violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621 et seq.**

28. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

29. Plaintiff was over 60 at the time she was forced to retire from Brownsburg.

30. Plaintiff's position was offered to several individuals who were younger than her; however, they did not take the position.

31. Plaintiff has been discriminated against because of her age.

32. Defendant's actions violated the ADEA and its amendments.

### 3. **Discrimination under ICRL**

33. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

34. The Indiana Civil Rights Law prohibits discrimination in employment based on origin.

35. Plaintiff suffered disparate treatment by the Defendant on the basis of origin and is therefore entitled to damages pursuant to the ICRL.

### 4. <u>Discrimination – Violation of Title VII and ADA)</u>

36. Lina re-alleges all prior paragraphs and incorporates them here by reference.

37. Lina has a disability involves her ability to hear without the assistance of a hearing aid.

38. Lina informed Ms. Hathaway about her hearing difficulties due to having to request Ms. Hathaway to repeat herself.

39. Ms. Hathaway disciplined Lina based on the review of the telephone conversations that occurred at a time that Lina did not have her appropriate hearing aids.

40. The accommodation that Lina required was reasonable.

41. Brownsburg failed and/or refused to engage in an interactive process with Lina.

42. Brownsburg's conduct, as described in this Count, constitutes unlawful discrimination in violation of ADA.

43. As a direct and proximate result of Brownsburg's unlawful discrimination, as set forth above, Lina has suffered, and will continue to suffer, emotional distress, lost wages, including back pay, front pay, pension/retirement benefit accruals, and other benefits to which she would be entitled. Some or all of Lina's damages will continue indefinitely into the future.

44. Brownsburg acted with malice and/or conscious disregard of Lina's rights, and thus is liable to her for compensatory and punitive damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Order Defendant to pay any and all lost wages and the monetary value of all benefits associated with her employment;

B. Order Defendant to pay compensatory damages for the mental anguish and consequential harm suffered by Plaintiff;

C. Order Defendant to pay Plaintiff's reasonable attorney fees and costs;

D. Order Defendant to pay interest on all sums recoverable; and

E. Award to Plaintiff all other relief that is just and proper in the premises.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Lina Wray, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F:  317/574-3095
cclark@goodinabernathy.com
03-147

7